**Rudolph COLE, Plaintiff—Appellant,**

v.

**UNITED PARCEL SERVICE, INC., Defendant–Appellee.**

No. 05–16678.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006.*

Filed Dec. 8, 2006.

Rudolph Cole, Hayward, CA, pro se.

Julie Anne Wilkinson, John F. Hyland, Esq., Paul Hastings Janofsky & Walker, LLP, San Francisco, CA, for Defendant–Appellee.

Before: GOODWIN, LEAVY, and FISHER, Circuit Judges.

MEMORANDUM **

Rudolph Cole brought an employment discrimination action against United Parcel

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Service (UPS) for age, race, and retaliatory discrimination in violation of California's Fair Employment and Housing Act. Cole appeals the district court's grant of summary judgment in favor of UPS.

■ To establish a presumption of age, race, or retaliatory discrimination, a plaintiff must present a prima facie case of discrimination. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Brooks v. City of San Mateo,* 229 F.3d 917, 928 (9th Cir.2000); *Guz v. Bechtel Nat. Inc.,* 24 Cal.4th 317, 354, 8 P.3d 1089, 1113, 100 Cal.Rptr.2d 352, 378 (2000). Cole failed to establish a presumption of age or race discrimination because he was unable to show that he was performing his job competently or that other similarly-situated people were treated more favorably. *McDonnell Douglas,* 411 U.S. at 802, 93 S.Ct. 1817; *Guz,* 24 Cal.4th at 354, 8 P.3d at 1113, 100 Cal.Rptr.2d at 378. He failed to establish a presumption of retaliatory discrimination because he was unable to show a causal link between his protected activity and his termination. *Brooks,* 229 F.3d at 928.

Even assuming Cole established a presumption of age, race, or retaliatory discrimination, UPS rebutted the presumption by providing a legitimate, non-discriminatory explanation for Cole's termination. *See id.; Guz,* 24 Cal.4th at 355, 8 P.3d at 1114, 100 Cal.Rptr.2d at 379. The explanation for Cole's termination placed the burden back on Cole to present substantial evidence that the legitimate reason was pretextual. *Brooks,* 229 F.3d at 928; *Guz,* 24 Cal.4th at 356, 8 P.3d at 1114, 100 Cal. Rptr.2d at 380. Cole did not provide substantial evidence of pretext.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.

Because Cole was unable to proffer the necessary evidence to meet his evidentiary burdens, the district court properly granted UPS's motion for summary judgment.

**AFFIRMED.**